DARWIN H. MELIS & another *vs.* PROVINCETOWN GOLF RANGE, INC. & another. June 11, 1971. Tne defendants appeal from a final decree declaring that their deed to the plaintiff Melis is ambiguous and required interpretation, setting forth "the true description," and enjoining the defendants from claiming ownership in the land so described. They did not comply with S.J.C. Rule 1:15 (5), 351 Mass. 740, by including in their brief or the record an outline plan "suitable for reproduction on one page of the printed law repoi ts." The judge found that the description in the deed followed the description in a prior lease and that the parties in drawing the description in the lease lacked "artfulness and exactness in describing the southerly boundary." In effect he found "a latent contradiction in the description in the deed which permitted the use of extrinsic evidence to show what boundary the language of the deed was intended to describe." *Ryan* v. *Stavros,* 348 Mass. 251, 259. He then found the intended boundary from the instiuctions given by the corporate defendant's treasurer to Melis's surveyor before the lease was executed and a building erected by Melis and from the subsequent conduct of the parties. The evidence is before us and a review of it does not indicate that the judge was plainly wrong.

*Final decree affirmed with costs of appeal.*

*Maurice H. Kramer* for the defendants.
*Frank J. Mazzio, Jr.,* for the plaintiffs.

CAROLE HALPERT *vs.* FRED G. HOULE. June 29, 1971. This is an action of tort for personal injuries sustained when the plaintiff, while riding a bicycle, collided with a motor vehicle operated by the defendant. The only issue is raised by the plaintiff's exception to the judge's refusal to instruct the jury that "In approaching or passing a person on a bicycle the person operating the motor vehicle shall slow down and in passing such person shall do so at a reasonable and proper speed." G. L. c. 90, § 14, as amended by St. 1961, c. 518, § 1. There was no error. The requested instruction was not applicable to the evidence. The defendant was not passing the plaintiff within the meaning of the statute but rather the plaintiff and the defendant were approaching each other at right angles prior to the collision. See *Stafford* v. *Jones,* 292 Mass. 489.

*Exceptions overruled.*

*Philip J. McCarthy* for the plaintiff.
*Frank P. Hurley* for the defendant.